## Barmak v. Duquesne Light Company

*Sanford A. Middleman*, for plaintiff.
*Amy S. Cunningham*, for defendants.

WETTICK, *A.J.*, June 3, 1985—Plaintiff filed a complaint in the Arbitration Division of the Civil Division of this court in which he sought damages in an amount not in excess of $20,000. This case was scheduled to be heard before a board of arbitrators on May 25, 1984. On that date, the board of arbitrators entered the following award:

"Award for the Defendants. Plaintiff not appearing. Attorney Sanford A. Middleman marked ready for trial and received number 16, case called at 11:25, plaintiff's counsel nor plaintiff answered the call." Plaintiff filed a timely appeal from the award of the board of arbitrators which is pending.

After the appeal was filed, defendant Duquesne Light Company filed a petition for a rule to show cause why this court should not require plaintiff (1) to pay Duquesne Light the attorney's fees it incurred for the May 25, 1984 proceeding, (2) to reimburse Duquesne Light for the lost wages it paid to witnesses who were present at the hearing, and (3) to suffer a judgment non pros and not be permitted to proceed with the appeal if such payments are not made within 20 days of the return date of the rule. In support of its petition, Duquesne Light alleges that its counsel appeared at the time and place set for the arbitration hearing with five witnesses, that plaintiff's attorney was present in the arbitration room prior to the hearing but left before the hearing took place without notifying Duquesne Light's counsel, and that Duquesne Light incurred legal expenses for its counsel to attend the hearing and other expenses for lost wages it paid to witnesses who attended the hearing. In response to this petition, plaintiff's counsel alleges that plaintiff ap-

peared at 9:00 a.m. on May 25, 1984 for the call of the list, that Duquesne Light appeared "sufficiently late" so that the case could not be heard until the afternoon, and that plaintiff's counsel left at 11:30 a.m. to attend an important business meeting.*

A party may not be denied an appeal from an arbitration award because of that party's failure to appear at the arbitration proceeding. In the case of Sipe v. Pennsylvania Railroad Company, 219 Pa. 210, 68 A. 705 (1908), defendant moved to strike plaintiff's appeal from an arbitration award on the ground that the plaintiff had failed to appear at the arbitration proceeding. The Pennsylvania Supreme court affirmed the ruling of the lower court overruling the motion to strike, stating:

"Counsel for appellant does not cite any authority for his contention in this respect. The compulsory arbitration Act of June 16, 1836, P.L. 715, under which the reference in this case was made, provides expressly in section 17 for the method of proceeding before the arbitrators where only one party attends. By section 27 it is provided that: 'Either party may appeal from an award of arbitrators to the court in which such cause was pending at the time the rule of reference was entered.' There is no provision in the act, or, so far as we know, in any subsequent statute, denying the right of appeal to a party who has failed to appear before the arbitrators.' " 219 Pa. at 215.

Sixty-nine years later, in the case of Weber v. Lynch, 473 Pa. 599, 375 A.2d 1278 (1977), the Pennsylvania Supreme Court, relying on Sipe v.

---

* Plaintiff does not allege that Duquesne Light appeared later than the time permitted by the Arbitration Division. Also the award of the board of arbitrators states that the case was called at 11:25.

Pennsylvania Railroad Company, ruled that a local rule of court, which limited the use on appeals from arbitration awards of witnesses not present at the arbitration hearing, is contrary to the arbitration act:

"The provisions of the Act of 1836 cited in Sipe remain in effect despite subsequent legislative revisions of compulsory arbitration requirements. See 5 P.S. §§41, 71. Since section 17 (5 P.S. §41) contemplates the possibility of arbitration proceedings in the absence of one of the parties and since section 27 (5 P.S. §71) provides that 'either party may appeal,' it is evident that the legislature intended that a party's de novo appeal should not be restricted by his failure to call a given witness at the arbitration hearing." (Footnote omitted.) 375 A.2d at 1282-1283.

This case law establishes that this court may not bar plaintiff from proceeding with his appeal because of his failure to remain for the arbitration hearing. Thus, we consider the remaining issues of whether Duquesne Light should be awarded counsel fees and reimbursement for lost wages paid to witnesses.

We know of no statutory or common law authority that authorizes this court to award Duquesne Light any costs incurred for reimbursing its witnesses for their lost wages. However, counsel fees may be awarded pursuant to 42 Pa.C.S. §2503 (7) which permits the award of counsel fees as a sanction "against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter," and pursuant to 42 Pa.C.S. §2503(9) which permits the award of counsel fees as a sanction "because the conduct of another party in commencing this matter or otherwise was arbitrary, vexatious or in bad faith."

Compulsory arbitration was established by the legislature to provide a less costly and more expeditious manner for resolving smaller claims. Smith Case, 381 Pa. 223, 112 A.2d 625 (1955). Compulsory arbitration will achieve its purpose of resolving smaller claims in this fashion as a substitute for the judicial determination of these claims only if the litigants are present at the arbitration hearing with the necessary witnesses. A litigant may assume that an opposing party will act in this fashion in accordance with the spirit of the compulory arbitration legislation unless the opposing party has advised the litigant that he or she will not be appearing at the arbitration hearing. Since both parties to the litigation are the intended beneficiaries of the Arbitration Act, this legislation creates a standard of conduct by which to determine whether an attorney has acted in an arbitrary, obdurate, dilatory, or vexatious manner, or in bad faith. An attorney who has acted or failed to act in a fashion that thwarts the purposes of the compulsory arbitration legislation to the direct detriment of an opposing party has engaged in dilatory, obdurate, or vexatious conduct during the pendency of a matter within the meaning of section 2503(7) and has engaged in conduct that is arbitrary, vexatious, or in bad faith within the meaning of section 2503(9) of the Judicial Code.

In the present case, Duquesne Light was not informed by plaintiff that plaintiff would not be appearing at the arbitration hearing. Therefore, Duquesne Light acted in the manner intended by the Arbitration Act by appearing with counsel and witnesses for trial. Plaintiff was the moving party so he could not prevail if he failed to participate in the proceedings. Thus, Duquesne Light's presence at a hearing at which plaintiff did not participate was not necessary to defeat plaintiff's claim. Conse-

quently, plaintiff's failure to appear at the arbitration hearing coupled with his failure to give any notice to Duquesne Light of his intention not to appear thwarted the purposes of the compulsory arbitration legislation to the direct detriment of Duquesne Light. For this reason, we conclude that plaintiff engaged in conduct that is dilatory, obdurate, vexatious, arbitrary, or in bad faith and award reasonable counsel fees to Duquesne Light.

This award of counsel fees is not inconsistent with Weber v. Lynch, supra, which held that a local rule of court limiting the use on appeals from arbitration awards of witnesses not present at the arbitration hearing is contrary to the Arbitration Act. The rationale for the Weber v. Lynch ruling was that the Arbitration Act's provision for de novo appeals showed a legislative intent for such appeals to proceed to trial with no evidentiary limitations upon the parties other than those that would be applicable to an original trial. In the Smith case, the court held that the conditions of the Arbitration Act for perfecting an appeal — including the requirement that the appealing party pay the fees of the arbitrators — are not inconsistent with the constitutional right to a jury trial. The court recognized that without such requirements the defeated party would be likely to appeal in nearly all instances, "thereby causing the arbitration proceedings to become a mere nullity and waste of time." 381 Pa. at 233. The Weber v. Lynch opinion recognized this "fundamental distinction between procedural preconditions necessary to the perfection of an appeal to the jury from the arbitration award and restrictions stemming from the arbitration proceedings on subsequent jury trials once the appeal has been perfected." 375 A.2d at 1282. This court is drawing the same distinction by granting Duquesne Light's re-

quest for the award of counsel fees while denying its request to quash the appeal.

For these reasons, we enter the following

## ORDER OF COURT

On this June 3, 1985, it is hereby ordered that Duquesne Light Company is awarded reasonable counsel fees incurred for appearing at the May 25, 1984 hearing.

Within seven days, Duquesne Light Company's counsel shall submit an affidavit detailing its counsel fee claim. Plaintiff may file a response within seven days thereafter.